# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **HARRY NELSON MILLER**, | No. 2:04-CV-01154-AK |
| Petitioner, | |
| v. | **ORDER** |
| **DAVID L. RUNNELS**, | |
| Respondent. | |

After a dispute with an 81-year-old friend turned physical, Harry Miller was convicted of injuring an elder adult, burglary, assault with a firearm and unlawful firearm activity. Miller now seeks habeas relief, arguing that the prosecutor committed prejudicial misconduct by suggesting that the jury infer guilt from Miller's attempted invocation of his Miranda rights and that his trial counsel was ineffective for failing to preserve the issue for appeal.

## Background

62-year-old Harry Miller gave several rifles and shotguns to his friend Michael Kornazewich. Miller claims Kornazewich was only supposed to store them for him, and so got angry when Kornazewich later claimed they were his to keep. Two days after Kornazewich claimed he owned the guns, Miller showed up at

Kornazewich's home and demanded the return of several items.  Kornazewich

unlocked his shed to allow Miller to take back an umbrella.  According to

Kornazewich, as he was walking back to his house, Miller grabbed him and hit him

on the side of his head with a pistol and demanded the guns.  The argument rapidly

devolved into a full-fledged fight, and Miller's gun went off.  The two continued to

struggle until Kornazewich eventually made it back into his home.  Miller drove

away with a friend.

Miller testified at trial that Kornazewich was the first aggressor and that he

fired the gun into the air to try to break up the fight.  On cross, the prosecutor

questioned Miller about his post-arrest statements to the police.  Miller answered

that he didn't say anything, except to ask for an attorney.  Officer Lyke then testified

that Miller waived his <u>Miranda</u> rights and told police that "it's been building up for

months," and that he "flipped out" in the "heat of the moment."

The jury acquitted Miller of attempted murder and assault with a deadly

weapon on a neighbor, but convicted him of the remaining charges.  The California

Court of Appeal affirmed and the California Supreme Court denied his petition for

review.  Miller now seeks habeas relief.

## Analysis

This court has jurisdiction to consider a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Under AEDPA, a habeas writ will not issue unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).  Under the unreasonable application prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

Miller argues that the prosecutor violated his due process rights and committed misconduct by suggesting that the jury infer guilt from his attempted invocation of Miranda.  Miller admits that once he testified, the prosecutor was free to impeach him with his voluntary statements to the police.  See Harris v. New York, 401 U.S. 222, 224 (1971).  He claims, however, that the prosecutor "repeatedly focused on [Miller's] exercise of his right to remain silent" instead of focusing on the inconsistent statements themselves, and that this violated Doyle v. Ohio, 426 U.S. 610 (1976), and Griffin v. California, 380 U.S. 609 (1965).

At trial, the prosecutor cross-examined Miller and asked, "[D]uring the time that [the officer] interviewed you did you ever tell him about this argument that we're talking about?"  Miller responded, "No.  He said, what happened in the case?  I said, I don't want to say nothing until I see an attorney.  I never said anything to him.  He read me <u>Miranda</u>."  A few minutes later, the prosecutor again asked him if, after the police asked whether he wanted to discuss the incident, "[Y]ou told him, no, not really, or you told him, not really.  Let's just wait and see what happens.  If I need an attorney, I'll get one."  The court sustained the defense's objection to inquiring about Miller's attempts to invoke his <u>Miranda</u> rights.  Later, the prosecutor again asked, "You had an opportunity, did you not, to explain to Officer Lyke about your—," and defense counsel asked to approach the bench.  The judge then excused the jury, and defense counsel moved for a mistrial.  The judge denied the motion, but admonished the jury to disregard the question.

Under <u>Doyle</u>, a prosecutor violates due process if he uses evidence of a defendant's post-arrest silence for impeachment purposes.  <u>Doyle</u>, 426 U.S. at 619.  But under <u>Anderson</u> v. <u>Charles</u>, 447 U.S. 404 (1980) (per curiam), "<u>Doyle</u> does not apply to cross-examination that merely inquires into prior inconsistent statements."  <u>Id.</u> at 408.  In <u>Charles</u>, the defendant was arrested while driving a stolen car that belonged to a murder victim.  <u>Id.</u> at 404.  After his arrest, he told police he stole the car from the street; at trial he testified that he stole the car from a parking lot.  <u>Id.</u> at

405.  On cross-examination, the defendant was asked, "Don't you think it's rather odd that if it were the truth that you didn't come forward and tell anybody at the time you were arrested, where you got the car?"  Id. at 406.  The Sixth Circuit found that "the prosecutor's questions about [petitioner's] post-arrest failure to tell officers the same story he told the jury violated due process," but the Supreme Court found Doyle did not apply because "[t]he questions were not designed to draw meaning from silence, but to elicit an explanation for a prior inconsistent statement."  Id. at 407–09 (internal quotation marks omitted).

The state court of appeal held that Doyle is similarly inapplicable in this case because "[t]he prosecutor should have been allowed to ask defendant why, if his trial testimony were true, he did not tell the officer that it was self-defense rather than that defendant had flipped out."  The court further held that "the prosecutor's questions about defendant's assertion of his right to remain silent went to his credibility since defendant did not remain silent; instead he gave a different version of the events which the prosecutor focused on, not his later silence."

The state court did not unreasonably apply Charles.  First, Miller never actually invoked his right to remain silent, and thus wasn't punished for doing so by having it later used against him.  See Charles, 447 U.S. at 408 ("Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent.").  Although

Miller claims "[i]t was unnecessary for [him] to firmly invoke his right to remain

silent in order to raise Doyle or Griffin error when it was clear that the prosecution

sought to capitalize on [his] attempts to assert this right," Miller cites no case, much

less clearly established Supreme Court precedent, to support this distinction.

Moreover, the prosecutor didn't use Miller's testimony that he remained silent as

substantive evidence of guilt, but as proof that Miller was lying on the stand

because, as the tape recorded interview revealed, he didn't, in fact, remain silent.

Thus, the California Court of Appeal's decision didn't involve "an unreasonable

application of[] clearly established Federal law, as determined by the Supreme Court

of the United States."  28 U.S.C. § 2254(d)(1).

Miller further argues that the prosecutor committed misconduct under Griffin

because he asked the jury to draw adverse inferences from his silence.  But Griffin

error occurs only when the prosecutor impermissibly comments on defendant's

refusal to testify, not when the prosecutor improperly cross-examines the defendant

on his post-Miranda silence.  See Cook v. Schriro, 538 F.3d 1000, 1019 (9th Cir.

2008) (distinguishing Fifth Amendment Griffin claims from Fourteenth Amendment

Doyle claims).  Thus, the state court's determination that Griffin doesn't apply to

this case was not unreasonable.

Miller also argues that trial counsel was ineffective for failing to preserve the

Griffin issue for appeal.  But the state court found that trial counsel did preserve the

issue, and rejected it on the merits.  Because the state court found the <u>Griffin</u> claim wasn't waived, Miller's ineffective assistance claim necessarily fails.

*          *          *

A review of Miller's habeas petition has not revealed that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  Further, I find that Miller has not made a substantial showing of the denial of a constitutional right, so a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 336 (2003).

**PETITION DENIED.**

January 12, 2011

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation